# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 12-CR-00197-GKF |
| vs. | ) | |
| WESLEY RYAN WILSON, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is defendant Wesley Ryan Wilson's Motion for Release Pending Outcome of this Case. (Dkt. # 58). Wilson requests, pursuant to Fed. R. Crim. P. 46, that he be released from "custody, with electronic monitoring, during the pendency of this action." The Court previously conducted a detention hearing on October 15, 2012, and determined that Wilson should be detained because he is a flight risk.

Rule 46 expressly provides that 18 U.S.C. §§ 3142 and 3144 govern pretrial release. Section 3142(f) provides that a detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required." Thus, absent a finding that information exists that was not known to Wilson at the time of his original detention hearing, his Motion for Release must be denied.

For his new evidence, Wilson cites a letter from one of his former professors at the University of Tulsa and "letters from people who know [him]." Wilson also cites this Court's statement in its original detention decision that the failure of Wilson's mother to testify was a significant factor in the decision to detain him. Wilson indicates that his mother is prepared to

testify and was prepared to testify at the time of the original detention hearing. Wilson further argues that "the Double Jeopardy clause possibly prevents, in this case, the charging of both robbery and carjacking, as the carjacking would be a lesser included offense under the robbery count, and would, therefore, lead to double punishment." As a result, Wilson argues that the Court's original concern regarding the seriousness of the charged crimes was inflated.

As to the "new evidence" presented by Wilson, all of it was known to him at the time of the original detention hearing and, thus, is not "new" as contemplated by Section 3142. See United States v. Dillon, 938 F.2d 1412, 1415 (5th Cir. 1991) (affidavits from defendant's father, police officer, friends, and former employers and letters from pastor and former hockey coach were not new evidence); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989) (testimony from defendant's sister, mother, and a friend that he appeared whenever required to do so during prior prosecutions was not new evidence.). In addition, Wilson's double jeopardy argument is not based on any newly discovered evidence or newly presented charges. Further, according to the parties, the argument has been presented to the District Court and will be addressed at the close of the Government's case. Thus, it is premature for the Court to base any detention decision on an argument that presumes one or more charges will be, or should be, dismissed.

Based on the foregoing, the standard for reopening Wilson's detention hearing has not been met, and Wilson's motion is, therefore, DENIED.

SO ORDERED this 9th day of January, 2013.

_____
T. Lane Wilson
United States Magistrate Judge